IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

AN'TONIO LONELL BARNES                                              PLAINTIFF

VS.                                              CIVIL ACTION NO. 5:09cv178-MTP

CORRECTIONS CORPORATION OF AMERICA                                  DEFENDANT

## MEMORANDUM OPINION AND ORDER

BEFORE THE COURT is the *pro se* civil rights complaint of Plaintiff An'Tonio Lonell Barnes filed pursuant to 42 U.S.C. § 1983. Because Plaintiff is proceeding *in forma pauperis* in this action, his complaint is subject to *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2), which mandates dismissal "at any time" if the court determines that the action "fails to state a claim on which relief may be granted" or "is frivolous or malicious." *See also Ali v. Higgs,* 892 F.2d 438, 440 (5th Cir. 1990) (recognizing the court's authority "to test the proceeding" and deeming appropriate *sua sponte* evaluation of the merit of the asserted claim). "A complaint is frivolous if it lacks an arguable basis in law or in fact." *Biliski v. Harborth*, 55 F.3d 160, 162 (5th Cir. 1995). This court is "vested with especially broad discretion in making the determination of whether an IFP proceeding is frivolous." *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

Having reviewed the complaint, as amended by [20] and [21], and as clarified by Plaintiff's sworn testimony at an omnibus hearing held on April 27, 2010 pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985),[1] having considered applicable law and being fully advised in the premises, the court is of the opinion that Plaintiff's claims should be dismissed

---

[1]*See Hurns v. Parker*, 1998 WL 870696, at *1 (5th Cir. Dec. 2, 1998); *Riley v. Collins*, 828 F.2d 306, 307 (5th Cir. 1987) (stating that plaintiff's claims and allegations made at *Spears* hearing supersede claims alleged in complaint).

1

with prejudice *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2).

Factual Background

Plaintiff, an inmate at Wilkinson County Correctional Facility (WCCF) in Woodville, Mississippi, filed this action on October 23, 2009. Plaintiff alleges that Defendant Corrections Corporation of America (CCA), which operates WCCF, is in violation of certain policies that prohibit relatives from being employed at the same correctional institution, because there are numerous employees at WCCF who are related to each other. Plaintiff claims that he has been personally affected by the nepotism at WCCF. Specifically, he claims that on September 23, 2009, he was eating when Gabriel Walker, a correctional officer at WCCF, walked up to him and, for no reason, grabbed him by his neck and arm and slammed him into the "tray hole," and then shoved him out of the dining hall.[2]

Following the incident, Plaintiff claims that certain staff members came to him and tried to convince him not to file a grievance through the administrative remedy program (ARP). He claims that he asked several officers for a grievance form, but they would not give one to him. Plaintiff conceded, however, that he obtained a copy of the appropriate grievance form from another inmate the night of the alleged assault, and that he filed it and completed the ARP process.

Plaintiff also complains that the ARP process took longer than the 90 days required by the applicable MDOC regulations. He claims that when he asked the ARP coordinator why it was taking so long, she gave him a "look" and said "you know who's in charge." Thus, Plaintiff claims that because of nepotism at the WCCF, his ARP was not handled as it should have been.

---

[2] As a result of the alleged assault by Officer Walker, Plaintiff claims that he suffered a sore shoulder, anxiety and a hurt ego. He did not suffer any broken bones or cuts.

2

Analysis

Plaintiff's claims are before the court pursuant to 42 U.S.C. § 1983.  However, Section 1983 "neither provides a general remedy for the alleged torts of state officials nor opens the federal courthouse doors to relieve the complaints of all who suffer injury at the hands of the state or its officers."  *White v. Thomas*, 660 F.2d 680, 683 (5th Cir.1981).  Rather, "[i]t affords a remedy only to those who suffer, as a result of state action, deprivation of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States."  *Id.* (quoting 42 U.S.C. § 1983).

Further, it is well-settled that Section 1983 does not "create supervisory or *respondeat superior* liability."  *Oliver v. Scott,* 276 F.3d 736, 742 & n.6 (5th Cir. 2002); *see also Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987) (citations omitted).  Like municipal corporations, a private prison-management corporation such as CCA[3] is not vicariously liable under a theory of *respondeat superior* for constitutional violations of its employees.  *See Olivas v. CCA*, 215 Fed. Appx. 332, 333 (5th Cir. Jan. 30, 2007) (*per curiam*) (citing *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691 (1978)); *Turks v. Wilkinson*, 2010 WL 1740798, at * 3 (W.D. La. Apr. 8, 2010), *Report and Recommendation adopted*, 2010 WL 1740789 (W.D. La. Apr. 29, 2010) (citing *Rosborough v. Mgmt. & Training Corp.*, 350 F.3d 469, 461 (5th Cir. 2003)); *see also Lonoaea v. CCA*, 665 F.Supp. 2d 677, 685 (N.D. Miss. 2009) (citations omitted).  Thus, CCA can be held liable under § 1983 only where "an official policy or custom...causes or is the moving force of

---

[3] The Fifth Circuit has held that "private prison management companies and their employees may be sued under § 1983 by a prisoner who has suffered a constitutional injury...because confinement of wrongdoers...is a fundamentally governmental function." *Rosborough v. Mgmt. & Training Corp.*, 350 F.3d 459, 461 (5th Cir. 2003).

the constitutional violation."[4] *Turks*, 2010 WL 1740798, at * 3 (citing *Phillips v. CCA*, 2006 WL 1308142, at * 3 (W.D. La. May 01, 2006); *Monell.*, 436 U.S. at 694.

As noted *supra*, Plaintiff claims that Officer Walker used excessive force against him. However, Officer Walker is not a defendant in this action. Nor does Plaintiff allege that any policy or custom of CCA caused or was the moving force of this alleged constitutional violation. Accordingly, any claim against CCA relating to the alleged use of excessive force by Officer Walker must be dismissed.[5]

Plaintiff also asserts a claim for denial of access to the ARP - specifically, that following the alleged assault, he was denied grievance forms by officers at WCCF. "Prisoners retain a right of adequate, effective, and meaningful access to the courts." *Roberson v. Hewes*, 701 F.2d 418, 420 (5th Cir. 1983). However, in order to state a constitutional violation, Plaintiff must show a "relevant actual injury" caused by the alleged denial of access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 349-52 (1996) (citation omitted) (stating that in order to prevail on an access-to-the-courts claim, plaintiff must show an "'actual injury' - that is, 'actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a

---

[4] This test is essentially the same as the one employed for municipal or local governmental liability. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978).

[5] Moreover, the Eighth Amendment's "prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." *See Copeland v. Nunan*, 2001 WL 274738, at *2 (5th Cir. Feb. 21, 2001) (quoting *Hudson v. McMillian*, 503 U.S. 1 (1992)) (internal quotations and citations omitted). One of the relevant objective factors in the inquiry of the application of excessive force includes: "the extent of the injury suffered." Plaintiff's alleged injuries - a sore shoulder, anxiety and a bruised ego - are clearly *de minimis* injury and do not amount to a constitutional violation. *See Siglar v. Hightower*, 112 F.3d 191, 193-94 (5th Cir. 1997) (affirming dismissal of prisoner's excessive force claim, holding that prisoner's sore bruised ear was *de minimis* injury); *Lee v. Wilson*, 2007 WL 2141956, at *1 (5th Cir. July 26, 2007) (affirming dismissal of prisoner's excessive force claim, holding that prisoner's busted lip was *de minimis* injury).

4

claim'"); *see also Donnelly v. Edwards*, 95 Fed. Appx. 702, 703 (5th Cir. Apr. 23, 2004) (upholding dismissal of access-to-the-courts claim because plaintiff did not establish that he was unable to proceed in a court case as a result of alleged delays and denials of legal assistance); *Cartner v. Lowndes County*, 89 Fed. Appx. 439, 442 (5th Cir. 2004) (affirming dismissal of access-to-the-courts claim where plaintiff failed to explain "how his position as a litigant was adversely affected").

Plaintiff has failed to allege, much less demonstrate, that he was actually injured or prejudiced by the alleged denial of access to the ARP. Indeed, Plaintiff conceded at the *Spears* hearing that he obtained a copy of the appropriate grievance form the night of the alleged assault and that he filed it and completed the ARP process. Moreover, the claim that was the subject of this grievance - the alleged assault by Officer Walker - is currently before this court. Accordingly, as Plaintiff has failed to establish that he was denied the ability to file a grievance or to access the courts in any way, this claim has no merit and should be dismissed.

Finally, Plaintiff claims that the ARP process took longer than it should have pursuant to MDOC regulations. However, even if true, this does not rise to the level of a constitutional violation. *See Hernandez v. Estelle*, 788 F.2d 1154, 1158 (5th Cir. 1986) (holding that the mere failure of a prison official to follow the prison's own regulation or policy does not amount to a constitutional violation); *McGowan v. Peel*, 2007 WL 710154, at * 1-2 (S.D. Miss. Mar. 6, 2007). Moreover, Plaintiff does not have a constitutional right to a grievance procedure, and has no due process right to having his grievance resolved to his satisfaction. *See Geiger v. Jowers*, 404 F.3d 371, 374-75 (5th Cir. 2005); *Jones v. Shabazz*, 2007 WL 2873042, at * 21 (E.D. Tex. Sept. 28, 2007).

IT IS, THEREFORE ORDERED that Plaintiff's claims are dismissed *sua sponte* with

prejudice, pursuant to 42 U.S.C. § 1915(e)(2). This dismissal shall count as a strike pursuant to 28 U.S.C. § 1915(g). A separate judgment shall be entered in accordance with Fed. R. Civ. P. 58.

IT IS FURTHER ORDERED that all pending motions, if any, are dismissed as moot.

SO ORDERED on this the 21st day of May, 2010.

s/ Michael T. Parker<br>
United States Magistrate Judge