IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

AN'TONIO LONELL BARNES                                              PLAINTIFF

VS.                                              CIVIL ACTION NO. 5:09cv178-MTP

CORRECTIONS CORPORATION OF AMERICA                        DEFENDANT

## ORDER

THIS MATTER is before the court on the Motion to Reconsider [32] filed by Plaintiff. The court having considered the motion finds that it should be DENIED.

In his Motion [32], Plaintiff asks the court to reconsider its Final Judgment [31] dismissing his claims with prejudice. Generally, "motions to reconsider are analyzed under Rule 59(e) of the Federal Rules of Civil Procedure." *McDonald v. Entergy Operations, Inc.*, No. 5:03cv241, 2005 WL 1528611, at *1 (S.D. Miss. 2005 May 31, 2005).[1] This court has "considerable discretion" in deciding whether to grant a motion for reconsideration. *See Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993). However, granting a motion for reconsideration "is an extraordinary remedy and should be used sparingly." *In re Pequeno*, 240 Fed. Appx. 634, 636 (5th Cir. 2007) (quoting *Templet v. HydroChem, Inc.*, 367 F.3d 473, 477 (5th Cir. 2004)).

A motion to reconsider is not "intended to give an unhappy litigant one additional chance to sway the judge[,]" *McDonald*, 2005 WL 1528611, at *1 (citations omitted), and its purpose "is not to re-debate the merits of a particular motion." *W.C. Bulley v. Fidelity Financial Servs. Of*

---

[1] Fed.R.Civ.P. 59(e) provides states that a motion to alter or amend must be made within 28 days of the judgment. As an initial matter, Plaintiff's motion is untimely because he filed it 51 days after the entry of the Final Judgment [31].

*Miss., Inc.*, No. 3:00cv522, 2000 WL 1349184, at *3 (S.D. Miss. Sept. 8, 2000). Indeed, "[i]f a party is allowed to address a court's reasons as to why a motion was or was not granted, it would render the entire briefing process irrelevant and lead to endless motions to reconsider." *Id.*

There are only three grounds for which this court may grant a motion for reconsideration: "(1) an intervening change in controlling law, (2) the availability of new evidence not previously available, and (3) the need to correct a clear error of law or prevent manifest injustice." *W.C. Bulley*, 2000 WL 1349184, at *2 (citations omitted). If one of these three grounds is not present, the court must deny the motion. *Id.* at *3. As Plaintiff has failed to demonstrate any of these grounds, the motion must be denied. Plaintiff offers no reason for the court to reconsider its ruling other than to remark that another inmate, who is not a party to this case, was allegedly assaulted on or about May 23, 2010, by a shift supervisor who also is not a party to this case. This allegation, even if true, does not change the court's opinion as to the disposition of Plaintiff's claims or otherwise merit a reconsideration of this matter.

IT IS, THEREFORE, ORDERED that Plaintiff's Motion to Reconsider [32] is DENIED.

SO ORDERED this the 27th day of July, 2010.

s/ Michael T. Parker
United States Magistrate Judge